LOUIS F. BEACHNER, PLAINTIFF-RESPONDENT, v. DOMEN-ICO JENGO, DEFENDANT-APPELLANT.

Submitted March 7, 1916—Decided June 19, 1916.

1. An assignment by a corporation is duly proven by the testimony of the subscribing witness, who knows the president of the corporation, who saw him sign, who knows the seal of the corporation and saw it affixed.
2. An admission that the money sued for is due is competent evidence unless made without prejudice, or unless the party making the admission has been led to believe, by the conduct of the adversary, that a compromise may probably be effected.

On appeal from the Supreme Court.

For the plaintiff-respondent, *John J. Fallon.*

For the defendant-appellant, *A. Orestes Ciccarelli.*

The opinion of the court was delivered by

BLACK, J. The action in this case was brought to recover a balance alleged to be due, on three promissory notes and a book account, for goods sold and delivered by Kips Bay Brewing and Malting Company to the defendant, assigned by the malting company to one Hugh P. Skelly, the president of the said company, and by Skelly assigned to the plaintiff. The value of two unexpired licenses was subsequently withdrawn from the case by consent. The trial court, at the close of the case, directed a verdict for the plaintiff for the sum of eight hundred and eighty-one dollars and thirty-three cents ($881.33), being the amount of the plaintiff's claim, less the value of the two unexpired licenses, one hundred and fifty-eight dollars ($158). To this ruling of the trial court there was no exception taken, nor is it made one of the grounds of appeal. Hence, it is not brought under review.

At the trial, however, there was objection, but no exception noted, to the admission in evidence of the written assignment made by the Kips Bay Brewing and Malting Company to

Hugh P. Skelly, and also a like objection to a question put to a witness, Mario Di Blasi, viz., whether Mr. Jengo, the maker of the promissory notes, and the one to whom the credit for the goods delivered was given, admitted to him, at the court house, on a previous occasion, when the case was on the day call of the court for trial, that he owed the moneys sued for. If we assume that these questions are properly before this court for decision, within the cases of *Kargman* v. *Carlo*, 85 *N. J. L.* 632, and *Benz* v. *Central Railroad Company of New Jersey*, 82 *Id.* 197, we need say, only, that they have no legal merit.

Under the first point the assignment was duly proven by the subscribing witness, Mario Di Blasi, in the usual manner in which deeds by a corporation are proven, viz., by the testimony of the subscribing witness, who knows the president of the corporation, who saw him sign it, who knows the seal of the corporation and saw it affixed. *General Electric Co.* v. *Transit Equipment Co.*, 57 *N. J. Eq.* 460.

So, the testimony of Mario Di Blasi, as to the admission of Mr. Jengo, that he owed the money sued for. Such an admission is competent, and so held by this court, unless it is expressly stated that the admission was made without prejudice, or unless the party making the admission has been led to believe, by the conduct of the adversary, that a compromise may probably be effected. *Richardson* v. *International Pottery Co.*, 63 *N. J. L.* 248. In 2 *Wigm. Ev.*, §§ 1061, 1062, the reason of the rule is stated and amplified. The principle is illustrated, as applied to a variety of facts, in a collection of many cases. 16 *Cyc.* 946.

There being no error in the record the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 16.

*For reversal*—None.